People v Porciello (2021 NY Slip Op 02428)





People v Porciello


2021 NY Slip Op 02428


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2020-06400

[*1]People of State of New York, respondent,
v
John R. Porciello, appellant. Warren M. Silverman, Kew Gardens, NY, for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, and Aharon Diaz of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Bruna L. DiBiase, J.), dated July 29, 2020. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 2018, the defendant was convicted, upon his plea of guilty, of possession of a sexual performance by a child less than 16 (Penal Law § 263.16). In this proceeding pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court, after a hearing, designated the defendant a level two sex offender based upon the assessment of a total of 80 points.
The Supreme Court properly assessed points under risk factors 3 and 7, since the People established by clear and convincing evidence that the child pornography possessed by the defendant depicted the images of far more than three child victims, and that the children in the images were strangers to the defendant (see People v Gillotti, 23 NY3d 841, 859-860; People v Smith, 187 AD3d 1228, 1229).
Correction Law § 168-n(3) requires a court making a risk level determination pursuant to SORA to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." Here, the Supreme Court failed to adequately set forth findings of fact and conclusions of law to support its denial of the defendant's request for a downward departure from his designation as a level two sex offender. Nevertheless, remittal is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Howard, 190 AD3d 773, 774).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a [*2]departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from the risk level commensurate with the points assigned by the Supreme Court. Although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community, a downward departure is not warranted here (see People v Gilotti, 23 NY3d at 861). Most of the circumstances cited by the defendant in support of his application for a downward departure were adequately taken into account under the Guidelines, including his acceptance of responsibility (see Guidelines at 15; People v Ralph, 170 AD3d 900, 901) and lack of a criminal record (see People v Edmee, 183 AD3d 766, 768). Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), the defendant failed to demonstrate that his age at the time of the SORA hearing, 58 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v West, 189 AD3d 1481, 1483; People v Ciccarello, 187 AD3d 1224, 1226; People v Thorpe, 186 AD3d 629, 630; People v Jimenez, 178 AD3d 1099, 1101). Further, the defendant failed to demonstrate an "exceptional" response to treatment by a preponderance of the evidence (Guidelines at 17; see People v Ralph, 170 AD3d at 901-902; People v Martinez, 104 AD3d 924, 924-925). Moreover, the nature and number of images found to have been possessed by the defendant militated against a downward departure (see People v Smith, 187 AD3d at 1229; People v Bolan, 186 AD3d 1273, 1274).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
CHAMBERS, J.P., MILLER, DUFFY, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court