People v Gonsales (2022 NY Slip Op 01331)





People v Gonsales


2022 NY Slip Op 01331


Decided on March 2, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-10759

[*1]The People of the State of New York, respondent,
v
Giovany Gonsales, appellant.


Janet E. Sabel, New York, NY (Lawrence T. Hausman of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Nicole Leibow of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated July 31, 2019. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level, and designated him a level two sex offender (see Correction Law § 168-n).
A defendant seeking a downward departure from a presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure. Contrary to the defendant's contention, "an offender's age of 20 or younger at the time the first sex offense was committed is taken into account by the Guidelines and deemed to be an aggravating factor rather than a mitigating factor" (People v Thompson, 186 AD3d 1544, 1545). Further, the defendant's remorse for his actions was adequately taken into account by the Guidelines (see People v Medina, 18 AD3d 818, 819). While the record reflects that the defendant successfully completed sex offender and substance abuse treatment programs, the defendant failed to establish by a preponderance of the evidence that his response to such treatment was "exceptional" (People v Herbert, 186 AD3d 1732, 1733; see People v Desnoyers, 180 AD3d [*2]1080, 1081).
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from the presumptive risk level and designated him a level two sex offender.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court