People v Corrica (2022 NY Slip Op 02029)





People v Corrica


2022 NY Slip Op 02029


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2018-03870

[*1]The People of the State of New York, respondent,
v
Toussant Corrica, appellant. Patricia Pazner, New York, NY (Joshua M. Levine of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jodi L. Mandel of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy James Mangano, Jr., J.), dated January 24, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree and other offenses. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive level three risk designation, the Supreme Court designated the defendant a level three sex offender.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the [SORA] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the offender makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the offender's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to demonstrate that his age at the time of the SORA hearing, 48 years old, constituted an appropriate mitigating factor (see People v Porciello, 193 AD3d 993; People v Rivas, 185 AD3d 740). Moreover, contrary to the defendant's contention, the passage of 24 years between the date of his offense and the date of the SORA hearing did not qualify as a mitigating factor, since the defendant was incarcerated for approximately 22 of those 24 years. Lengthy periods without reoffending are significant in determining the risk of recidivism under SORA, but only to the extent that the defendant was at liberty during such periods (see People v Sotomayer, 143 AD3d 686).
Although a defendant's response to treatment may qualify as a ground for a [*2]downward departure where the response is exceptional (see Guidelines at 17; People v Bethel, 165 AD3d 712), here, the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Whitney, 168 AD3d 776; People v Alvin, 166 AD3d 1025; People v Bethel, 165 AD3d at 714).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
IANNACI, J.P., RIVERA, MILLER and MALTESE, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court