People v Torres (2022 NY Slip Op 03261)





People v Torres


2022 NY Slip Op 03261


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
WILLIAM G. FORD, JJ.


2021-01798

[*1]People of State of New York, respondent,
v
Hector Torres, appellant.


Patricia Pazner, New York, NY (Ava C. Page of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Roni C. Piplani, and Joseph M. DiPietro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated March 1, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In September 2005, the defendant was convicted, upon a jury verdict, of rape in the first degree, burglary in the first degree, sexual abuse in the first degree, and endangering the welfare of a child. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 100 points on the risk assessment instrument, resulting in a presumptive risk level of two, and designated him a level two sex offender.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Wyatt, 89 AD3d 112, 117-118). The Supreme Court properly assessed the defendant 15 points under risk factor 11 based upon information contained in the case summary prepared by the Board of Examiners of Sex Offenders which established by clear and convincing evidence a history of drug or alcohol abuse.
Correction Law § 168-n(3) requires a court making a risk level determination to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Green, 195 AD3d 754, 755; People v Porciello, 193 AD3d 993, 994). Here, the Supreme Court failed to set forth findings of fact and conclusions of law with respect to the defendant's request for a downward departure from the presumptive risk level. Nevertheless, remittitur is not necessary because the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Porciello, 193 AD3d at 993-994).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v [*2]Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Sawyer, 169 AD3d 840).
Here, the defendant failed to demonstrate that he was entitled to a downward departure due to mitigating circumstances. Although an offender's "advanced age" upon release (Guidelines at 5), exceptional response to sex offender treatment (see People v Santiago, 137 AD3d 762, 764), and family support (see People v Davis, 179 AD3d 183) may qualify as grounds for a downward departure, the defendant failed to establish the facts in support of these grounds by a preponderance of the evidence (see People v Ralph, 170 AD3d 900; People v Sawyer, 169 AD3d at 840-841; People v Santiago, 137 AD3d 762). The defendant also failed to establish that a licensed social worker's assessment that he was at a low risk for recidivism constituted an appropriate mitigating factor (see generally People v Curry, 158 AD3d 52). Moreover, the defendant's remorse, prison disciplinary record, participation in educational and vocational programs, and release environment had already been taken into account by the Guidelines (see People v Sawyer, 169 AD3d at 840-841; People v Rocano-Quintuna, 149 AD3d 1114, 1115).
CONNOLLY, J.P., MALTESE, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court