People v Ojeda (2023 NY Slip Op 02540)

People v Ojeda

2023 NY Slip Op 02540

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
JOSEPH A. ZAYAS, JJ.

2022-04017

[*1]The People of the State of New York, respondent,
v
Alberto Ojeda, appellant.

Miriam E. Rocah, District Attorney, White Plains, NY (Raffaelina Gianfrancesco of counsel), for respondent.
Clare J. Degnan, White Plains, NY (Debra A. Cassidy of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated April 7, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the defendant sought a downward departure from his presumptive level three risk designation. The Supreme Court denied the application, and designated the defendant a level three sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; see also (SORA: Risk Assessment Guidelines and Commentary at 4 [2006][hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Although "advanced age" may constitute a basis for a downward departure (Guidelines at 5), here, the defendant failed to demonstrate that his age at the time of the SORA hearing, 61 years old, constituted an appropriate mitigating factor and would minimize his risk of reoffense, particularly since he committed sex offenses when he was in his 50s (see People v Rivas, 185 AD3d 740, 740-741; see also People v Samuels, 199 AD3d 1034). Further, although an exceptional response to sex offender treatment may also qualify as a ground for a downward departure, the mere fact that the defendant in the present case was deemed "motivated" on his sex offender treatment evaluations did not constitute proof by a preponderance of the evidence that he had an exceptional response to treatment (see People v Santiago, 137 AD3d 762, 764; People v Watson, 95 AD3d 978, 979). Finally, as to the support the defendant claims he will receive from his [*2]mother and brother, he failed to demonstrate how having that support established a lower likelihood of reoffense or danger to the community (see People v Peoples, 189 AD3d 1282, 1283; People v Peaks, 207 AD3d 482, 483; People v Torres, 205 AD3d 940, 941).
Accordingly, the defendant failed to meet his burden of proof on his application for a downward departure and the Supreme Court properly designated him a level three sex offender.
BARROS, J.P., BRATHWAITE NELSON, IANNACCI and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court