People v Davis (2023 NY Slip Op 03367)

People v Davis

2023 NY Slip Op 03367

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-02871 
2021-02872

[*1]The People of the State of New York, respondent,
v
Tiquan Davis, appellant. Steven A. Feldman, Manhasset, NY, for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel; Darci Siegel on the brief), for respondent.

DECISION & ORDER
Appeals by the defendant from two orders of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), both dated April 21, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the orders are affirmed, without costs or disbursements.
The defendant was convicted, after separate jury trials, of rape in the first degree and other offenses under Indictment No. 5511/94, and rape in the first degree and other offenses under Indictment No. 11291/94. After a hearing relating to both indictments pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive risk level three designation, the Supreme Court designated the defendant a level three sex offender with respect to each indictment.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by the [SORA] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the offender makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the offender's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Here, the defendant failed to demonstrate that his age at the time of the SORA hearing, 48 years old, constituted an appropriate mitigating factor (see People v Corrica, 203 AD3d 1086, 1087; People v Porciello, 193 AD3d 993; People v Rivas, 185 AD3d 740). Moreover, contrary to the defendant's contention, the support of his family upon his release from prison is adequately taken into account by the Guidelines (see People v Felton, 175 AD3d 734, 735; People v Adams, 174 AD3d 828, 829-830; People v MacCoy, 155 AD3d 897, 898).
Upon considering all of the mitigating factors identified by the defendant, the Supreme Court providently exercised its discretion in determining that the totality of the circumstances did not warrant a downward departure from the presumptive risk level three designation (see People v Gillotti, 23 NY3d at 861; People v Saintilus, 169 AD3d 838).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level three sex offender.
BARROS, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court