People v Lebron (2024 NY Slip Op 05559)

People v Lebron

2024 NY Slip Op 05559

Decided on November 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BARRY E. WARHIT
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-06286

[*1]The People of the State of New York, respondent,
v
Gregory Lebron, appellant. Patricia Pazner, New York, NY (Anna Boksenbaum of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Anthea H. Bruffee, and Isaac Rounseville of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered July 6, 2022, which, after hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in federal court, upon his plea of guilty, of receipt of child pornography (18 USC § 2252[a][2]). After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant contends that the court erred in denying his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Khan, 182 AD3d 613, 614).
Contrary to the defendant's contention, his risk level was properly assessed. Most of the circumstances cited by the defendant in support of his request for a downward departure were adequately taken into account by the Guidelines, including, inter alia, his acceptance of responsibility and remorse (see People v Ralph, 170 AD3d 900, 901), and his lack of a prior criminal record (see People v Edmee, 183 AD3d 766, 768). Although an offender's response to treatment, if exceptional, can be the basis for a downward departure (see Guidelines at 17; People v Roelofsen, 195 AD3d 962, 963), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Porciello, 193 AD3d 993, 994; People v Ralph, 170 AD3d at 902). Finally, [*2]although in some cases involving offenders who possessed child pornography, the assessment of points under risk factors 3 and 7 might result in an overassessment of the risk a defendant poses to the community (see People v Gillotti, 23 NY3d at 861), a downward departure was not warranted here because the nature and number of images found to have been possessed by the defendant militated against a downward departure (see People v Porciello, 193 AD3d at 994-995; People v Smith, 187 AD3d 1228, 1229).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., WARHIT, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court