People v Stafford (2025 NY Slip Op 04194)

People v Stafford

2025 NY Slip Op 04194

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-03560

[*1]The People of the State of New York, respondent.
v
Rodney Stafford, appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and David Cao of counsel), for respondent.
Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered March 22, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the defendant was designated a level two sex offender following his conviction, inter alia, of attempted statutory rape in North Carolina. On appeal, the defendant contends that the Supreme Court erred in denying his application for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 5 [2006]; People v Gillotti, 23 NY3d 841, 861; People v Wyatt, 89 AD3d 112, 128). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Wallason, 169 AD3d 728, 729).
Here, the Supreme Court properly denied the defendant's application for a downward departure. Although lengthy periods of time during which a defendant has been at liberty after the offense may be a permissible ground for departure (see People v Wildman, 231 AD3d 1066, 1067; People v Sotomayer, 143 AD3d 686, 687), here, the defendant, who spent less than four years at liberty prior to the SORA hearing, failed to establish by a preponderance of the evidence that this period of time at liberty without reoffense demonstrated that the Risk Assessment Instrument overstated his risk of reoffense or that he has led an exemplary life such that he was entitled to a downward departure from the presumptive risk level (see People v Green, 229 AD3d 814, 815, lv granted _____ NY3d _____, 2025 NY Slip Op 71083; People v Morales, 223 AD3d 850, 850; [*2]People v Flores-Hernandez, 219 AD3d 1533, 1534). Moreover, while a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional," the defendant failed to establish by a preponderance of the evidence that his "response to treatment, while positive, was exceptional" (People v Otero, 233 AD3d 969, 971 [internal quotation marks omitted]; People v Green, 229 AD3d at 816 [internal quotation marks omitted]).
Contrary to the defendant's contention, his gainful employment and the support of his family and friends were adequately taken into account by the Guidelines (see People v Arroyo, 231 AD3d 1171, 1172; People v Torres, 205 AD3d 940, 942). Moreover, the defendant failed to establish that his age at the time of the SORA hearing, 57 years old, constituted an appropriate mitigating factor that minimized his risk of reoffense (see People v Dockery, 233 AD3d 808, 809, lv granted _____ NY3d _____, 2025 NY Slip Op 71078; People v Abdullah, 210 AD3d 704, 706). Even if the defendant had established the existence of a mitigating factor, a downward departure would not be warranted in light of the age disparity between the then 33-year-old defendant and the then 12-year-old victim (see People v Zubradt, 224 AD3d 856, 857).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender.
GENOVESI, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court