People v Kumar (2025 NY Slip Op 05977)

People v Kumar

2025 NY Slip Op 05977

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
DEBORAH A. DOWLING
JAMES P. MCCORMACK
SUSAN QUIRK, JJ.

2024-03564

[*1]The People of the State of New York, respondent,
v
Hament Kumar, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Pilar O'Rourke of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated April 5, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the second degree (Penal Law former § 130.45[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 80 points on the risk assessment instrument, rendering him a presumptive level two sex offender. The court denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender. The defendant appeals.
"An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is not otherwise taken into account by [the] Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Bigelow, 175 AD3d 1443).
Although a debilitating illness may constitute a basis for a downward departure (see Guidelines at 5; People v Jimenez, 178 AD3d 1099, 1101), the defendant failed to provide medical evidence to establish by a preponderance of the evidence that his purported health conditions, which he conceded were in existence at the time he committed the underlying sexual offense and which did not result in any physical limitations, were sufficient to reduce his risk of reoffending (see People v Laskaris, 231 AD3d 1173, 1174 People v Felton, 175 AD3d 734, 735; cf. People v Sanchez, 186 AD3d 880, 882; People v Stevens, 55 AD3d 892, 894).
Further, although "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Sanchez, 231 AD3d 876, 878; People v Samuels, 199 AD3d 1034), here, the defendant failed to present any evidence that his response to substance abuse treatment was exceptional (see People v Skipper, 235 AD3d 671, 672; People v Gonsales, 203 AD3d 760, 761). As to the support the defendant claims he will receive from his family, he failed to demonstrate how having that support established a lower likelihood of reoffense or danger to the community (see People v Ojeda, 216 AD3d 819, 820; People v Peaks, 207 AD3d 482, 483).
The defendant's remaining contention that he is entitled to a downward departure based upon his rehabilitation is unpreserved for appellate review, as he failed to raise this factor at the SORA hearing (see People v Gadsen, 235 AD3d 667, 668; People v Hernandez, 225 AD3d 903, 904). In any event, this contention is without merit.
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CHAMBERS, J.P., DOWLING, MCCORMACK and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court