People v Anderson (2025 NY Slip Op 06193)

People v Anderson

2025 NY Slip Op 06193

Decided on November 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
DONNA-MARIE E. GOLIA, JJ.

2024-04283

[*1]The People of the State of New York, respondent,
v
Syaleek Anderson, appellant. 

Joseph DeFelice, Kew Gardens, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Cristin N. Connell and Autumn S. Hughes of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered August 23, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 95 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to sustain his burden of proof in support of his application for a downward departure. Although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional (see Guidelines at 17; People v Washington, 84 AD3d 910, 911), the defendant failed to establish that his response to treatment was exceptional (see People v Skipper, 235 AD3d 671, 672; People v Coleman, 225 AD3d 792, 794; People v Gonsales, 203 AD3d 760, 761). The defendant's remaining contention is unpreserved for appellate review (see People v Howell, 213 AD3d 708, 709; People v Melendez, 210 AD3d 1121, 1123) and, in any event, without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level and designated him a level two sex offender.
IANNACCI, J.P., BRATHWAITE NELSON, DOWLING and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court