People v Cambarmatute (2025 NY Slip Op 06629)

People v Cambarmatute

2025 NY Slip Op 06629

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2024-05084

[*1]The People of the State of New York, respondent,
v
Eduin Cambarmatute, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Thomas C. Costello of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated June 7, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree and sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 100 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Smith, 237 AD3d 1230, 1231, quoting People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to demonstrate that a downward departure was warranted. "While 'a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to demonstrate by a preponderance of the evidence that his response to sex offender and substance abuse treatment was exceptional (see People v Skipper, 235 AD3d 671, 672; People v Gonsales, 203 AD3d 760, 761). Moreover, the defendant's disciplinary record while incarcerated was adequately taken into account by the [*2]Guidelines, since he was not assessed additional points for conduct while confined (see People v Hernandez, 225 AD3d 903, 904; People v Watts, 225 AD3d 638, 639).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., WOOTEN, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court