People v Amaya (2026 NY Slip Op 00159)

People v Amaya

2026 NY Slip Op 00159

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-12128

[*1]The People of the State of New York, respondent,
vJuan C. Amaya, appellant. Laurette D. Mulry, Riverhead, NY (Genevieve M. Cahill of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 7, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 100 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
The defendant's contention that he was improperly assessed 15 points under risk factor 14 is academic since, even if 15 points were subtracted from his risk level score, his point total would remain within the range of a presumptive level two designation (see People v Hernandez, 236 AD3d 835, 836; People v Jimenez, 231 AD3d 975, 975).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Smith, 237 AD3d 1230, 1231, quoting People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to demonstrate that a downward departure was warranted. The defendant failed to demonstrate the existence of a mitigating factor not adequately taken into [*2]account by the Guidelines that would warrant a downward departure (see People v Hernandez, 236 AD3d at 836). "While 'a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to demonstrate by a preponderance of the evidence that his response to sex offender treatment was exceptional (see People v Skipper, 235 AD3d 671, 672; People v Gonsales, 203 AD3d 760, 761).
Accordingly, the County Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court