■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL CRUZ, Appellant. [17 NYS3d 863]—

Order, Supreme Court, New York County (Renee A. White, J.), entered on or about February 3, 2011, which adjudicated defendant a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously modified, on the law, to the extent of reducing the adjudication to that of a level one offender, and otherwise affirmed, without costs.

The People failed to give defendant the requisite 10-day notice that they sought an assessment of points, under the risk factor for duration of offense conduct with victim, that had not been included in the recommendation of the Board of Examiners of Sex Offenders (*see* Correction Law § 168-n [3]). The usual remedy when the People fail to give the requisite 10-day notice is to grant the defendant an adjournment (*see e.g. People v Lucas*, 118 AD3d 415, 416 [2014]). Here, however, defendant was overdue to be released from incarceration but remained in prison pending his SORA hearing. Under the circumstances, an adjournment would not have provided "a meaningful opportunity to respond" (*People v Inghilleri*, 21 AD3d 404, 405 [2d Dept 2005]), because defendant had to choose between the adjournment and release from custody. Furthermore, the People's explanation for the lack of notice amounted to law office failure. Accordingly, 20 points for the risk factor at issue should not have been assessed, and without those points defendant only qualifies as a level one offender.

We find it unnecessary to reach any other issues. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.