People v Quinones (2018 NY Slip Op 01407)





People v Quinones


2018 NY Slip Op 01407


Decided on March 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 1, 2018

Sweeny, J.P., Renwick, Tom, Mazzarelli, Oing, JJ.


5875 5603/10

[*1]The People of the State of New York, Respondent,
v
Nolber Quinones, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Lisa A. Packard of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Diane N. Princ of counsel), for respondent.



Order, Supreme Court, New York County (Michael R. Sonberg, J.), entered on or about December 18, 2015, which adjudicated defendant a level three sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.
We reject defendant's argument that 15 points should be deducted from his point score based on the People's violation of the 10—day notice provision of Correction Law 168—n(3), or that any further proceedings are necessary. The court provided a sufficient remedy when it offered defendant an adjournment for further preparation (see People v Lucas, 118 AD3d 415 [1st Dept 2014]), an offer that was declined. Defendant's contention that an adjournment would have interfered with his conditional release from prison is speculative (compare People v Cruz, 132 AD3d 554 [1st Dept 2015] [defendant actually overdue for release]). In any event, the omission of the additional 15 points from the original risk assessment instrument was essentially a clerical error, and defendant conceded that there were no grounds to object to the factual predicate for this assessment.
The court providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841 [2014]). The mitigating factors cited by defendant were adequately taken into account by the risk assessment instrument, or were outweighed by the circumstances of the underlying crime.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 1, 2018
CLERK