People v Thorpe (2020 NY Slip Op 04498)





People v Thorpe


2020 NY Slip Op 04498


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-09925

[*1]People of State of New York, respondent,
v
Louis Thorpe, appellant. Janet E. Sabel, New York, NY (Natalie Rea of counsel), for appellant.


Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Alexander Fumelli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated August 28, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court denied the defendant's request for a downward departure from his presumptive risk level and adjudicated the defendant a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure was warranted. "Although advanced age' may constitute a basis for a downward departure" (People v Munoz, 155 AD3d 1068, 1069), the defendant, who committed some of the subject offenses when he was 51 years old, failed to demonstrate that his age at the time of the SORA hearing, 58 years old, constituted an appropriate mitigating factor and minimized his risk of reoffense (see id. at 1069; People v Rocano-Quintuna, 149 AD3d 1114, 1115). Moreover, the studies relied upon by the defendant on appeal were either not before the Supreme Court or failed to demonstrate by a preponderance of the evidence that his age constituted a basis for a downward departure (see People v Whitney, 168 AD3d 776, 777; People v Santiago, 137 AD3d 762, 764-765).
While the defendant also argued that the increased probability of finding employment as a roofer warranted a downward departure, he did not submit any evidence to show that finding employment would reduce his danger to the community or make it less likely that he would reoffend (see People v Alfred M., 172 AD3d 493, 494; People v Davis, 170 AD3d 1519, 1520). Finally, the defendant cited family support as a mitigating factor; however, the defendant failed to provide evidence establishing such alleged family support, and to demonstrate how having support from his family established a lower likelihood of reoffense or danger to the community (see People v Hamdam, 178 AD3d 1098, 1098; People v Blinker, 170 AD3d 1052, 1053).
With respect to all of the circumstances alleged by the defendant, he failed to demonstrate by a preponderance of the evidence that these circumstances "resulted in the over-assessment of his risk to public safety" (People v Wyatt, 89 AD3d at 931; see People v Grubbs, 107 AD3d 771, 773). Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level and designating him a level two sex offender.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court