People v Pace (2020 NY Slip Op 06298)





People v Pace


2020 NY Slip Op 06298


Decided on November 4, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 4, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2019-06638

[*1]People of State of New York, respondent,
v
James Pace, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray and Marion Tang of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated May 2, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On May 2, 2019, the defendant was convicted, upon his plea of guilty, of sexual abuse in the second degree. On that same date, the County Court conducted a risk level determination hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). The defendant's points total was in the range for a presumptive designation as level two sex offender, but, because of the defendant's prior conviction for a felony sex offense, a mandatory override resulted in a presumptive designation as a level three sex offender (see People v Varvaro, 171 AD3d 958, 959). The defendant requested that the court downwardly depart from the presumptive risk level, but the court denied the defendant's application and designated him a level three sex offender. The defendant appeals.
Correction Law § 168-n(3) provides that the hearing court must "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (see People v Somodi, 170 AD3d 1056, 1057; People v Barrett, 123 AD3d 783; People v Johnson, 118 AD3d 684; People v Brown, 116 AD3d 1017). Contrary to the defendant's contention, the County Court's oral decision, which was expressly incorporated by reference into the court's written order, sufficiently set forth the court's findings of fact and conclusions of law as to, inter alia, the denial of the defendant's application for a downward departure (see People v Labrake, 121 AD3d 1134, 1135; People v Hemmes, 110 AD3d 1387, 1388).
We agree with the County Court's determination denying the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the [*2]evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The defendant failed to establish by a preponderance of the evidence the existence of factors that tend to lower the likelihood of reoffense or danger to the community and that are of a kind, or to a degree, that are otherwise not adequately taken into account by the Guidelines (see People v Varvaro, 171 AD3d at 959; People v Saintilus, 169 AD3d 838, 839). Specifically, he failed to show how his prior military service and gainful employment at a car dealership tended to lower his risk of reoffense or danger to the community. The other factors that the defendant cites were not raised at the hearing and, therefore, his contentions based on those factors are unpreserved for appellate review. In any event, those additional factors, including his sex offender treatment and his acceptance of responsibility, were adequately taken into account under the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Santiago, 137 AD3d 762, 764; Guidelines at 12-15).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level three sex offender.
RIVERA, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court