People v Guerro-Bueso (2022 NY Slip Op 02141)





People v Guerro-Bueso


2022 NY Slip Op 02141


Decided on March 30, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 30, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
SHERI S. ROMAN, JJ.


2020-07681

[*1]The People of the State of New York, respondent,
v
Luis Fernando Guerro-Bueso, appellant. 


Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel; Zachary Miraz on the brief), for respondent.
James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.



DECISION & ORDER
Appeal by the defendant from an amended order of the County Court, Rockland County (Kevin F. Russo, J.), dated September 23, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the amended order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 120 points, within the range for a presumptive designation as a level three sex offender, and designated him a level three sex offender.
The assessment of 10 points under risk factor 8 on the ground that the defendant was 20 years of age or less at the time he committed his first sexual offense was established by his admission at the plea proceeding that he engaged in sexual intercourse with one of his victims between May 1, 2018, and July 1, 2018, when, based on his date of birth in 1998, he was 19 years old. The defendant does not contest his date of birth. The question of whether the defendant was properly assessed 30 points instead of 20 points under risk factor 3 for number of victims is academic, since even if 10 points were deducted from his risk assessment, the defendant would still be assessed 110 points, rendering him presumptively a level three sex offender (see People v Leung, 191 AD3d 1023; People v Grubert, 160 AD3d 993).
The defendant's contention that he is entitled to a downward departure from his presumptive risk level is unpreserved for appellate view (see People v Vasquez, 197 AD3d 1185). In any event, this contention is without merit. In light of the defendant's conduct involving underage victims whose participation in sexual activity was, in part, induced by the use of alcohol, a downward departure from his presumptive risk level was not warranted (cf. People v Tineo-Morales, 101 AD3d 839).
DILLON, J.P., DUFFY, BRATHWAITE NELSON and ROMAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court