People v Cousin (2022 NY Slip Op 06021)

People v Cousin

2022 NY Slip Op 06021

Decided on October 26, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2021-06337

[*1]The People of the State of New York, respondent, 
v
Herbert Cousin, appellant. 

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Grazia DiVincenzo and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated July 21, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 90 points, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender (see id. § 168-n). The defendant appeals.
The question of whether the defendant was properly assessed 10 points under risk factor 13 for conduct while confined is academic since, even if 10 points were deducted from his risk assessment, the defendant would still be assessed 80 points, rendering him presumptively a level two sex offender (see People v Guerro-Bueso, 203 AD3d 1184; People v Leung, 191 AD3d 1023, 1023-1024; People v Grubert, 160 AD3d 993, 994).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Most of the circumstances on which the defendant bases his contentions regarding a downward departure were adequately taken into account by the Guidelines, including his release environment, employment prospects, and acceptance of responsibility (see People v Torres, 205 AD3d 940; People v Joe, 203 AD3d 1187; People v Pace, 188 AD3d 732, 734; People v Hamdam, [*2]178 AD3d 1098, 1099). Moreover, although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure (see People v Migliaccio, 90 AD3d 879, 880), here, the defendant failed to prove by a preponderance of the evidence that his response to treatment was exceptional (see People v Emery, 204 AD3d 944, 945; People v Roelofsen, 195 AD3d 962, 963; People v Torres, 124 AD3d 744, 746).
The defendant also cited community and family support as a mitigating factor, and submitted letters from family members and friends which state that they would support him upon his release. The defendant failed to demonstrate how having support from the community or his family established a lower likelihood of reoffense or danger to the community. Thus, the defendant failed to establish an appropriate mitigating factor which was otherwise not adequately taken into account by the Guidelines (see People v Baez, 199 AD3d 1027, 1028; People v Hamdam, 178 AD3d at 1099; People v Boutin, 172 AD3d 1253, 1255; People v Saintilus, 169 AD3d 838, 839).
The remaining alleged mitigating factors identified by the defendant either were adequately taken into account by the Guidelines or, under the totality of the circumstances, did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McKinney, 173 AD3d 1074, 1075).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., MILLER, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court