People v Payne (2023 NY Slip Op 02900)

People v Payne

2023 NY Slip Op 02900

Decided on May 31, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 31, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2021-02707

[*1]The People of the State of New York, respondent,
v
Phillip Payne, appellant. 

Patricia Pazner, New York, NY (Patty C. Walton of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Katherine A. Walecka of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Miriam Cyrulnik, J.), dated April 1, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court denied the defendant's application for a downward departure from his presumptive risk level and designated him a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and establishing the facts in support of its existence by a preponderance of the evidence" (People v Cousin, 209 AD3d 1047, 1048 [internal quotation marks omitted]; see People v Wyatt, 89 AD3d 112, 128; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Cousin, 209 AD3d at 1048; see People v Gillotti, 23 NY3d 841, 861).
Here, the defendant failed to establish that a downward departure was warranted. Most of the circumstances cited by the defendant in support of his application for a downward departure were adequately taken into account by the Guidelines (see People v Peoples, 189 AD3d 1282, 1283; People v Rocano-Quintuna, 149 AD3d 1114, 1115). Moreover, although an exceptional response to treatment may qualify as a mitigating factor that warrants a downward departure, here, the defendant failed to prove by a preponderance of the evidence that his response to such treatment was exceptional (see People v Cousin, 209 AD3d at 1048; People v Del-Carmen, 186 AD3d 878, 879).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender pursuant to Correction Law article 6-C.
DUFFY, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court