People v Oyola (2023 NY Slip Op 03249)

People v Oyola

2023 NY Slip Op 03249

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
JOSEPH J. MALTESE
JANICE A. TAYLOR, JJ.

2022-00551

[*1]The People of the State of New York, respondent, 
v
Joseph Oyola, appellant. 

Clare J. Degnan, White Plains, NY (Salvatore A. Gaetani of counsel), for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Westchester County (Susan Cacace, J.), dated November 29, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the defendant was designated a level two sex offender following his conviction of possessing an obscene sexual performance by a child. On appeal, the defendant contends that the Supreme Court erred in denying his request for a downward departure from his presumptive risk level.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Contrary to the defendant's contention, he failed to establish his entitlement to a downward departure from his presumptive risk level. The defendant's remorse for his actions and lack of a prior criminal record were adequately taken into account by the Guidelines (see People v Medina, 180 AD3d 818; People v Saintilus, 169 AD3d 838; People v Robinson, 145 AD3d 805). The defendant failed to show how his prior military service tended to lower his risk of reoffense or danger to the community (see People v Pace, 188 AD3d 732, 733). Although it has been recognized that the assessment of points under risk factors 3 (number of victims) and 7 (relationship with victim) may result in an overassessment of the risk posed to the community by certain offenders whose crime was the possession of images of child sexual abuse (see People v Gillotti, 23 NY3d at 861; People v Smith, 187 AD3d 1228, 1229), here, there was no overassessment and a downward [*2]departure is not warranted (see People v Kyaw Aung, 202 AD3d 1005, 1006; People v Schoelermann, 165 AD3d 1299, 1299-1300).
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's request for a downward departure from his presumptive risk level and designated the defendant a level two sex offender.
BARROS, J.P., IANNACCI, MALTESE and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court