People v Scott (2024 NY Slip Op 04643)

People v Scott

2024 NY Slip Op 04643

Decided on September 26, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 26, 2024

535086
[*1]The People of the State of New York, Respondent,
v
Robert R. Scott, Appellant.

Calendar Date:September 9, 2024

Before:Clark, J.P., Pritzker, Ceresia, Fisher and Mackey, JJ.

Stephen W. Herrick, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Peter A. Lynch, J.), entered October 4, 2021 in Albany County, which classified defendant as a level two sex offender pursuant to the Sex Offender Registration Act.
In November 2018, defendant pleaded guilty to a superior court information charging him with attempted sexual abuse in the first degree, and he was sentenced to four years in prison, to be followed by 15 years of postrelease supervision. In anticipation of his release from prison, the Board of Examiners of Sex Offenders prepared a case summary and risk assessment instrument in accordance with the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]) that assessed a total of 95 points, presumptively classifying defendant as a risk level two sex offender, with which the People agreed. Following a hearing, Supreme Court classified defendant as a risk level two sex offender with a sexually violent offender designation and denied defendant's request for a downward departure, which was primarily predicated upon his status as a veteran of the US Navy who was honorably medically discharged and his successful completion of various treatment programs. Defendant appeals.
Initially, we note that because defendant raised no objection at the SORA hearing to the 75 points scored for risk factors 2, 6, 9 and 11, any challenge to the assessment of points under these risk factors is unpreserved for appellate review (see People v DeDona, 102 AD3d 58, 63 [2d Dept 2012]). Further, defendant's contention that Supreme Court erred in assessing points under risk factor 4 "is academic because, even without the 20 points at issue, defendant would still qualify as a level two risk" (People v Ellis, 204 AD3d 1388, 1390 [4th Dept 2022] [internal quotation marks, brackets and citation omitted]; see People v Richardson, 209 AD3d 1068, 1070 [3d Dept 2022], lv denied 39 NY3d 908 [2023]; cf. People v Huether, 205 AD3d 1233, 1234 [3d Dept 2022], lv denied 39 NY3d 901 [2022]).
Supreme Court also providently exercised its discretion when it declined to grant a downward departure (see People v Gillotti, 23 NY3d 841, 861-863 [2014]). With regard to the mitigating factors relied upon by defendant, he "failed to show how his prior military service . . . tended to lower his risk of reoffense or danger to the community" (People v Pace, 188 AD3d 732, 733 [3d Dept 2020], lv denied 36 NY3d 907 [2021]; see People v Oyola, 217 AD3d 791, 792 [2d Dept 2023], lv denied 40 NY3d 907 [2023]). Further, his completion of various treatments were adequately taken into account by the risk assessment instrument (see People v Sadagheh, 214 AD3d 566, 566 [1st Dept 2023], lv denied 40 NY3d 902 [2023]; People v Pace, 188 AD3d at 734; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-17 [2006]). In view of the foregoing, defendant failed to prove by a preponderance of the evidence the existence of mitigating factors that were not adequately taken [*2]into consideration by the guidelines and, thus, we are satisfied that Supreme Court did not abuse its discretion in denying the requested downward departure and in classifying defendant as a risk level two sex offender (see People v Gillotti, 23 NY3d at 861; People v Pace, 188 AD3d at 733). To the extent that we have not addressed any of defendant's remaining claims, they have been considered and found to be without merit.
Clark, J.P., Ceresia, Fisher and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.