People v Marryshow (2025 NY Slip Op 02945)

People v Marryshow

2025 NY Slip Op 02945

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-07362

[*1]The People of the State of New York, respondent,
v
Victor Marryshow, appellant.

James D. Licata, New City, NY (Samuel Coe of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), entered July 21, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the County Court assessed the defendant 105 points on the risk assessment instrument, including 30 points under risk factor 5, based upon a victim age of 10 years or less, and designated the defendant a level two sex offender.
On appeal, the defendant challenges only the assessment of 10 points under risk factor 5. The defendant does not contest the remaining 95 points that the County Court assessed. Even if the 10 points that the defendant challenges on appeal are subtracted from his risk factor score, he would still remain a presumptive level two sex offender. Thus, the defendant's contentions on appeal are academic and need not be reached (see People v Cousin, 209 AD3d 1047, 1048; People v Guerro-Bueso, 203 AD3d 1184, 1184).
Since the defendant has not provided a basis for reversal or modification of the order appealed from, the order must be affirmed.
MILLER, J.P., FORD, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court