People v Sheffield (2025 NY Slip Op 07422)

People v Sheffield

2025 NY Slip Op 07422

Decided on December 31, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2021-02370

[*1]The People of the State of New York, respondent,
vRonell Sheffield, appellant. Twyla Carter, New York, NY (Katheryne M. Martone of counsel), for appellant.

Michael E. McMahon, District Attorney, Staten Island, NY (Rhys Johnson of counsel), for respondent (no brief filed).

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Mario F. Mattei, J.), dated February 26, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant 155 points on the risk assessment instrument, rendering him a presumptive level three sex offender, denied the defendant's application for a downward departure from the presumptive risk level, and designated the defendant a level three sex offender. The defendant appeals.
"[A] defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or a danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Fernandez, 219 AD3d 760, 762, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "'If a defendant makes the twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Fernandez, 219 AD3d at 763, quoting People v Tirado, 165 AD3d 991, 992; see People v Gilotti, 23 NY3d 841, 861).
Here, the defendant failed to demonstrate that a downward departure was warranted. Although 'advanced age' may constitute a basis for a downward departure, the defendant, who was convicted of further offenses while incarcerated, including attempted assault in the second degree in 2018, failed to establish that his age at the time of the 2021 SORA hearing constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Thorpe, 186 AD3d 629, 630). Furthermore, the defendant failed to provide evidence establishing his alleged family support and to demonstrate how having support from his family established a lower likelihood of [*2]reoffense or danger to the community (see id.). The other alleged mitigating factors cited by the defendant either were adequately taken into account by the Guidelines (see People v Otero, 233 AD3d 969, 970-971) or are based on matters that are not properly before this Court.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from the presumptive risk level and designating him a level three sex offender.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court