People v Billinger (2026 NY Slip Op 00160)

People v Billinger

2026 NY Slip Op 00160

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
DONNA-MARIE E. GOLIA, JJ.

2019-14658

[*1]The People of the State of New York, respondent,
vMarvin Billinger, appellant. Twyla Carter, New York, NY (Robin Richardson of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Brian Umana of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered December 18, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree (Penal Law § 130.35[1]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 130 points on the risk assessment instrument, resulting in a presumptive risk level three designation, and denied the defendant's application for a downward departure to risk level two. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Howell, 213 AD3d 708, 708 [internal quotation marks omitted], quoting People v Bautista, 210 AD3d 1020, 1021; see Correction Law § 168-n[3]). Here, contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 13 (see People v Gavalo, 235 AD3d 785, 786; People v Williams, 219 AD3d 763, 764).
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Hernandez, 236 AD3d 835, 836 [internal quotation marks omitted], quoting People v Cousin, 209 AD3d 1047, 1048; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [hereinafter Guidelines] at 4 [2006]; People v Gillotti, 23 NY3d 841, 860). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Coleman, 225 AD3d 792, 794 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to establish that a downward departure was warranted. [*2]While a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17), the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Stafford, 240 AD3d 718, 719; People v Coleman, 225 AD3d at 794).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DUFFY, J.P., FORD, LOVE and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court