People v Butler (2026 NY Slip Op 00545)

People v Butler

2026 NY Slip Op 00545

Decided on February 5, 2026

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 5, 2026

535358
[*1]The People of the State of New York, Respondent,
vJeffrey Butler, Appellant.

Calendar Date:January 7, 2026

Before:Clark, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Yorden C. Huban, Public Defender, Albany (James A. Bartosik Jr. of counsel), for appellant.
Lee C. Kindlon, District Attorney, Albany (Daniel J. Young of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the County Court of Albany County (Andra Ackerman, J.), entered January 12, 2022, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2017, defendant pleaded guilty to one count of receipt of child pornography (see 18 USC §§ 2252A [a] [2] [A]; [b] [1]; 2256 [8] [A]) and two counts of possession of child pornography depicting prepubescent minors or minors under 12 years of age (see 18 USC §§ 2252A [a] [5] [B]; [b] [2]; 2256 [8] [A]). Defendant was thereafter sentenced to concurrent terms of 87 months of incarceration in the Federal Bureau of Prisons for each count, to be followed by 15 years of supervised release. In anticipation of his release from prison, the Board of Examiners of Sex Offenders notified defendant that he was required to register as a sex offender under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), and the Board prepared a risk assessment instrument (hereinafter RAI), assessing him 50 points and presumptively classifying him a risk level one sex offender. The People, in turn, prepared an RAI assessing 90 points against defendant, presumptively classifying him as a risk level two sex offender while reserving its right to request an upward departure if the points assessed to defendant classify him as only a risk level one sex offender. Following a hearing, County Court assessed defendant 100 points — a risk level two classification — and, among other things, denied defendant's request for a downward departure. Defendant appeals.
On appeal, defendant challenges the assessment of 15 points under risk factor 11 (drug or alcohol abuse) and the apparent assessment of 30 points — instead of 5 points [FN1] — under risk factor 9 (number and nature of prior crimes). Initially, the People concede, and we agree, that to the extent that County Court sua sponte assessed defendant an additional 25 points (30 total) under risk factor 9 (number and nature of prior crimes — prior violent felony, or misdemeanor sex crime or endangering welfare of a child), this deprived defendant of a meaningful opportunity to respond to the court's assessment (see People v Furgeson, 230 AD3d 1488, 1490 [3d Dept 2024]; People v Maus, 162 AD3d 1415, 1416-1417 [3d Dept 2018]). However, the additional assessment of 25 points (30 total) under risk factor 9 stated in County Court's written decision appears to be a clerical error as the court did not include the additional 25 points in its total assessment of points, and, therefore, we find that this clerical error is harmless and remittal is not required (cf. People v Torres, 210 AD3d 1027, 1028 [2d Dept 2022]). Further, inasmuch as defendant raised no objection at the SORA hearing to the 60 points scored for risk factors 3 and 5 — and fails to raise any challenge on appeal relative to the 20 points assessed for risk factor 7 or to the 5 points assessed under risk factor 9 — any challenge to the assessment of [*2]these 85 points under risk factors 3, 5, 7 and 9 is not properly before us (see People v Scott, 230 AD3d 1487, 1487 [3d Dept 2024]; People v DeDona, 102 AD3d 58, 63 [2d Dept 2012]). Accordingly, defendant's contention that County Court erred in assessing additional points under risk factors 9 and 11 "is academic because, even without the [40] points at issue, defendant would still qualify as a level two risk" (85 points) (People v Scott, 230 AD3d at 1487 [internal quotation marks and citations omitted]; see People v Hernandez, 236 AD3d 835, 836 [2d Dept 2025], lv denied 44 NY3d 906 [2025]; People v George, 142 AD3d 1059, 1060-1061 [2d Dept 2016]).
County Court also providently exercised its discretion when it declined to grant defendant a downward departure to a risk level one classification (see People v Gillotti, 23 NY3d 841, 861-863 [2014]). In seeking a downward departure, it is a defendant's burden to "(1) identify[ ], as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establish[ ] the facts in support of its existence by a preponderance of the evidence" (People v Roubik, 231 AD3d 1210, 1212 [3d Dept 2024] [internal quotation marks and citations omitted]). Upon such a showing, "the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Jones, 226 AD3d 1265, 1267 [3d Dept 2024] [internal quotation marks and citations omitted], lv denied 42 NY3d 907 [2024]; see People v Hyman, 228 AD3d 1080, 1081 [3d Dept 2024]).
With regard to the various mitigating factors relied upon by defendant, he "failed to show how his prior military service . . . tended to lower his risk of reoffense or danger to the community" (People v Pace, 188 AD3d 732, 733 [2d Dept 2020], lv denied 36 NY3d 907 [2021]; see People v Oyola, 217 AD3d 791, 792 [2d Dept 2023], lv denied 40 NY3d 907 [2023]). "[W]e find absolutely no merit to defendant's claim that he should be entitled to a downward departure because, among other reasons, he only possessed several hundred images of child pornography, [some of which depicted children being subjected to pain and cruelty,] which he trivializes as a non-contact offense" (People v Pardee, 228 AD3d 1142, 1144 [3d Dept 2024], lv denied 42 NY3d 909 [2024]). "Under these circumstances, and given the abhorrent and graphic nature of the images possessed by defendant as described in the [federal presentence report] and case summary, County Court did not abuse its discretion in denying defendant's request for a downward departure" (People v Stammel, 227 AD3d 1322, 1325 [3d Dept 2024] [internal quotation marks and citations omitted]; see People v Dority[*3], 234 AD3d 1211, 1213 [3d Dept 2025]; People v Kraft, 229 AD3d 1016, 1018 [3d Dept 2024]; People v Adams, 216 AD3d 1376, 1378-1379 [3d Dept 2023], lv denied 40 NY3d 904 [2023]; People v Kemp, 163 AD3d 1339, 1341-1342 [3d Dept 2018], lv denied 32 NY3d 919 [2019]). To the extent that we have not addressed any of defendant's remaining claims, they are not properly before us, are academic in light of our decision or have been considered and found to be without merit.
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Defendant did not object at the hearing to the assessment of 5 points under risk factor 9 (number and nature of prior crimes — prior history/no sex crimes or felonies) and raises no challenge on appeal to a 5-point assessment under risk factor 9.