People v Lopez-Moranchel (2026 NY Slip Op 01542)

People v Lopez-Moranchel

2026 NY Slip Op 01542

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
ELENA GOLDBERG VELAZQUEZ, JJ.

2025-10897

[*1]The People of the State of New York, respondent,
vGerman Lopez-Moranchel, appellant.

Lori Golombek, Mineola, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Charles T. Pollak, and Sonia Suchak of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ushir Pandit-Durant, J.), dated August 28, 2025, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]). After a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the Supreme Court assessed the defendant a total of 95 points on the risk assessment instrument, denied the defendant's application for a downward departure from the presumptive risk level, and designated him a level two sex offender. The defendant appeals.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Colon, 235 AD3d 665, 666 [internal quotation marks omitted], quoting People v Greenridge, 224 AD3d 852, 853). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (id. [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the Supreme Court properly assessed the defendant 25 points under risk factor 2 (sexual contact with victim) for engaging in oral sexual conduct with one of the victims (see People v Cremeans, 194 AD3d 1369, 1371).
"'An offender seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is . . . otherwise [not adequately] taken into account by the Guidelines, and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Lorgo, 242 AD3d 1025, 1025-1026 [alteration omitted], quoting People v Curry, 158 AD3d 52, 58; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [*2][hereinafter Guidelines]). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Billinger, ___ AD3d ___, ___, 2026 NY Slip Op 00160, *1, quoting People v Coleman, 225 AD3d 792, 794).
Here, the defendant's acceptance of responsibility and lack of prior criminal history were taken into account by the Guidelines (see People v Skipper, 235 AD3d 671, 671-672; People v Morales, 223 AD3d 850, 851; People v Oyola, 217 AD3d 791, 792). In addition, the defendant failed to establish that his response to sex offender treatment was exceptional (see People v Perez, 242 AD3d 780, 781; People v Abdullah, 210 AD3d 704, 706).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
DUFFY, J.P., CHRISTOPHER, WARHIT and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court