People v Legrand (2026 NY Slip Op 01541)

People v Legrand

2026 NY Slip Op 01541

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

[*1]The People of the State of New York, respondent,
vDifferson Legrand, appellant.

Patricia Pazner, New York, NY (Chelsea Lopez and Anders Nelson of counsel; Amy Pass and Hailey Gordon on the brief), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Danielle M. O'Boyle, and Catherine J. Kim of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Stephanie Zaro, J.), dated August 8, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the facts, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new hearing and, thereafter, a new determination on the issue of whether an upward departure from the defendant's presumptive risk level two classification is warranted.
The defendant was convicted, upon a jury verdict, inter alia, of rape in the second degree. According to the case summary prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), the Board was informed on June 23, 2022, that the defendant had been "granted . . . an open date for [release] anytime on or after July 8, 2022." Also on June 23, 2022, the Board recommended that the defendant be designated a level two sex offender pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C).
On August 8, 2022, the Supreme Court conducted a hearing to determine the defendant's risk level. At the hearing, the court denied the defendant's application to preclude the People from seeking the assessment of points under certain risk factors and an upward departure from the presumptive risk level. The court assessed the defendant 125 points on the risk assessment instrument, denied his application for a downward departure from the presumptive risk level, and designated him a level three sex offender. The defendant appeals.
"'Persons required to register as sex offenders are entitled to due process protections of notice and an opportunity to be heard before a court determines their risk level classification under [SORA]'" (People v Cutting, 221 AD3d 622, 623, quoting People v Worley, 40 NY3d 129, 131). "If the district attorney seeks a determination that differs from the recommendation submitted by the board, at least ten days prior to the determination proceeding the district attorney shall provide to the court and the sex offender a statement setting forth the determinations sought by the district attorney together with the reasons for seeking such determinations" (Correction Law § 168-n[3]). Here, the defendant does not contend that the People failed to serve their application 10 days prior to the SORA hearing (cf. People v Cruz, 132 AD3d 554, 554), and the defendant failed to establish that [*2]the People's service of their application seeking the assessment of points under certain risk factors and an upward departure caused a delay in his release or otherwise deprived the defendant of due process. Accordingly, the Supreme Court properly denied the defendant's application to preclude the People's application.
"In establishing a defendant's risk level under [SORA], the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought" (People v Brown, 163 AD3d 727, 727 [citation omitted]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629).
"Initially, when a defendant is designated a certain risk level, the . . . Guidelines and the risk level ascribed to a sex offender are merely presumptive based on the risk assessment instrument (hereinafter RAI), which assigns point values to various risk factors set forth in the Board's Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006 [hereinafter Guidelines]; see Guidelines at 1)" (People v Davis, 179 AD3d 183, 186 [citation and internal quotation marks omitted]). "This allows the SORA court the discretion, in the first instance, to depart from the numerical score and assign a sex offender level appropriate to the evidence presented if it concludes that the factors in the RAI do not result in an appropriate designation" (id. [internal quotation marks omitted]).
Here, contrary to the defendant's contention, the Supreme Court properly assessed the defendant points under risk factor 3 (number of victims) based on his convictions of promoting prostitution in the second and third degree (see People v Izzo, 26 NY3d 999, 1002; People v DeDona, 102 AD3d 58, 67). "Given that the Guidelines do not mention a SORA level offense in risk factor 3, but instead address the more general term, 'sexual conduct' . . . the conduct does not have to amount to a SORA level offense in order to be considered" (People v Izzo, 26 NY3d at 1002).
The Supreme Court also properly assessed the defendant points under risk factor 7 (relationship with victim, stranger or established for purpose of victimizing or professional relationship) (see People v Sooknanan, 119 AD3d 540, 540). The complainant's testimony demonstrated that she had only been introduced to the defendant once before the defendant approached her at a barbecue, invited her to his house, and raped her.
However, the Supreme Court should not have assessed 20 points under risk factor 4 (continuing course of sexual misconduct). The evidence in the record demonstrated only one instance of direct sexual contact between the defendant and the complainant (see Penal Law § 130.00[3]). Furthermore, the People failed to establish by clear and convincing evidence that, under the theory of accessorial liability, the defendant shared the intent of the complainant's clients in engaging in sexual contact with her (see People v Canady, 195 AD3d 752, 753).
The Supreme Court also should not have assessed 10 points under risk factor 12 for the defendant's failure to accept responsibility for his criminal conduct. At the time the defendant denied responsibility, he was challenging his conviction on direct appeal, which raised issues that may have resulted in a new trial (see People v Fews, 175 AD3d 570, 570; People v Britton, 148 AD3d 1064, 1064-1065, affd 31 NY3d 1019).
Based on the foregoing, 30 points should be subtracted from the total risk assessment of 125 points. Without those 30 points, the defendant's total score is 95, making the defendant a presumptive level two sex offender, rather than a level three sex offender.
Contrary to the defendant's contention, a downward departure to a risk level one is not warranted. "As a general matter, a defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate [*3]mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Fernandez, 219 AD3d 760, 762, quoting People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor[s] to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Fernandez, 219 AD3d at 763, quoting People v Tirado, 165 AD3d 991, 992; see People v Gillotti, 23 NY3d at 861).
Here, the defendant's lack of a prior criminal record and his re-entry plan were adequately taken into account by the Guidelines (see People v Oyola, 217 AD3d 791, 792; People v Cousin, 209 AD3d 1047, 1048). Furthermore, the defendant failed to demonstrate how having support from family established a lower likelihood of reoffense or danger to the community (see People v Thorpe, 186 AD3d 629, 630) and failed to show how his prior military service tended to lower his risk of reoffense or danger to the community (see People v Oyola, 217 AD3d at 792).
Since the Supreme Court did not rule on the People's request for an upward departure in the event that the defendant would not have otherwise been found to be a level three sex offender, it is appropriate to remit the matter to the Supreme Court, Kings County, for a new hearing and, thereafter, a new determination on the issue of whether an upward departure from the defendant's presumptive risk level designation is warranted (see People v King, 46 AD3d 529, 529-530).
BARROS, J.P., CHRISTOPHER, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court